UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Warren Lemont Pearson, | ) | C/A No. 7:16-1921-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Bank of America, | ) | |
| Mary Taylor, | ) | |
| Jennifer Taylor, | ) | |
| Victor Roman, | ) | |
| Barbara Floyd, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a *pro se* litigant, proceeding *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), the undersigned is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § 1915(e).

On June 21, 2016, the court entered an order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* and giving Plaintiff twenty-one days to bring the case into proper form for service and to answer Local Rule 26.01 Interrogatories. Plaintiff complied with the Order and the case is now in proper form. After review, and for the reasons set forth herein, the Complaint in this action should be summarily dismissed for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*,

404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a

claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

## DISCUSSION

In order for this court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. Federal courts have an "independent obligation" to investigate the limits of its subject-matter jurisdiction. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). The court's obligation to examine its subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009). It is well settled that federal courts are courts of limited jurisdiction and possess only powers authorized by the constitution and statute, which is not to be expanded by judicial decree. *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936).

The two most commonly recognized bases for federal jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this court's limited jurisdiction. Additionally, there is no basis for federal jurisdiction evident on the face of the pleading.

First, there is no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in

3

controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn.13–16 (1978). This court has no diversity jurisdiction over this case because Plaintiff and two defendants are both residents of South Carolina. The court need not consider the amount in controversy.

Second, the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir.1999).

Generally, the presence of federal question jurisdiction is determined by the well-pleaded complaint rule. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908). In other words, federal question jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly-pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *King v. Marriott Int'l, Inc.*, 337 F.3d 421, 426 (4th Cir.2003). Accordingly, under the well-pleaded complaint rule, courts "ordinarily ... look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir.1996).

The Complaint does not state a claim cognizable under this court's "federal question" jurisdiction. Plaintiff's conclusory allegation as to federal question jurisdiction is "racial profi[ling] to defraud a private citizen of the United States."[1] Under the statement of claim section of Plaintiff's

---

[1] No where in Plaintiff's Complaint, attachments to the Complaint, answers to Local Rule 26.01 interrogatories, or additional correspondence from Plaintiff does Plaintiff indicate that he is a member of any protected class/group.

Complaint, Plaintiff essentially alleges that he brought a $6,000 check to Bank of America; the Bank cashed it at the counter; the account from which the check was drawn had no funds so the check was returned unpaid and deducted from Plaintiff's account. There are no allegations in the statement of facts in relation to the transaction and his race. There are numerous documents[2] attached to the Complaint, but no statement is made in regard to their relevance.

Plaintiff's Complaint cites constitutional amendments eighteen through twenty-one. Mere citation to federal statutes or the federal constitution is insufficient to invoke the court's jurisdiction. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir.1990). When considering whether federal question jurisdiction is present, a federal court is not bound by the parties' characterization of a case. *See Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149,152-153 (1908); *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 113-15 (1936).

Under the Rule 8 requirements, Plaintiff has not adequately pleaded federal question jurisdiction based on the aforementioned and has stated no basis for this court's jurisdiction. There is an absence of any plausible claims arising under either federal question or diversity jurisdiction

---

[2] The documents included:
- a letter from an adjuster at Grange Insurance regarding a settlement;
- a copy of a check for $1,994.75 from Grange insurance;
- a letter from Publisher's Clearing House advising him that he was Winner;
- a copy of a check from REMAX of New England, Inc. for $6,717.90;
- a Bank of America deposit receipt;
- copies of receipts from the UPS store;
- a letter from Inter-Link Mega Lottery Inc. stating enclosed was a check for $6,995.00;
- numerous personal bank records;
- an overdrawn notice from Bank of America for $8,795.00;
- a copy of a check for $8,795.00 made out to Plaintiff form PRAHEALTH SCIENCES, that was returned.

as discussed above.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice and without issuance and service of process*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B).

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 19, 2016
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).